UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VAN SIMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )   Case number 4:06cv1228 TCM |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court[1] on the opposed motion of Van Simmons ("Plaintiff") to dismiss his two-count complaint without prejudice. On July 14, 2006, Plaintiff filed his complaint[2] in the Circuit Court for the City of St. Louis, State of Missouri, alleging in Count I that Union Pacific Railroad Company ("Defendant") violated the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA"), by various negligent omissions and commissions and in Count II that the Missouri venue statute, Mo.Rev.Stat. § 508.010, is "unconstitutionally vague and indefinite under the Fourteenth Amendment to the Constitution of the United States," "deprives tort plaintiffs of due process and equal protection of law as

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2] This initial pleading is referred to in Missouri state courts as a "petition." See Mo.S.Ct.R. 43.01. For ease of reference, the Court will refer to the pleading as a complaint. See Fed.R.Civ.P. 3.

guaranteed by the Fourteenth Amendment to the Constitution of the United States," and also violates the Missouri Constitution. (Compl. ¶¶ 18, 21.)

Noting that the complaint raised a federal question by alleging that a state statute violated the United States Constitution, see 28 U.S.C. § 1331, Defendant removed the case to federal court on August 15. Explaining that the reference to the United States Constitution was inadvertent, Plaintiff moves to dismiss his action without prejudice. Plaintiff intends to refile the case in state court with only Missouri Constitution claims in Count II. Defendant opposes the dismissal *without* prejudice or, in the alternative, asks that a dismissal include a requirement that Plaintiff pay the attorney fees Defendant has incurred, $4,349.00, and the filing costs, $350.00.

Federal Rule of Civil Procedure 41(a)(2) permits a court in cases such as the instant one where an answer has been filed and a voluntary dismissal is opposed to impose "such terms and conditions as the court deems proper" on a plaintiff wishing to dismiss his action without prejudice. "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." **Paulucci v. City of Duluth**, 826 F.2d 780, 782 (8th Cir. 1987). The following factors are to be considered when evaluating a Rule 41(a)(2) request to dismiss without prejudice:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

**Witzman v. Gross**, 148 F.3d 988, 922 (8th Cir. 1998). When granting a voluntary dismissal a district court may condition the dismissal on plaintiff's payment of costs and attorney's fees if the case is refiled. **Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n**, 56 F.3d 977, 978 (8th Cir. 1995). But see **Kern v. TXO Production Corp.**, 738 F.2d 968, 971-72 (8th Cir. 1984) (noting that although the payment of expenses and a reasonable attorney fee may properly be a condition for a Rule 41(a)(2) dismissal, "the omission of such condition is not necessarily an arbitrary act").

In his motion for a voluntary dismissal, Plaintiff states that his inclusion of his Fourteenth Amendment claims was inadvertent. Inadvertent actions are "characterized by want of attention or taking notice; hence, unintentional." Oxford English Dictionary, http://dictionary.oed.com/cgi/entry/5013734(?) (last visited Sept. 29, 2006). The specificity of the Fourteenth Amendment claims militates against their inclusion being inadvertent, although the consequence of their inclusion may have been unintentional.

The Court finds, however, that consideration of the relevant factors favors the granting of the motion, albeit with some terms and conditions. First, Defendant's effort and expense may be addressed by the terms and conditions. Cf. **Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.**, 187 F.3d 941, 951 (8th Cir. 1999) (affirming denial of request to dismiss case without prejudice when dismissal would, inter alia, "prejudice defendants by depriving them of a valid defense"). Second, Plaintiff did not delay in prosecuting his action and requesting the dismissal when the consequences of his Fourteenth Amendment claims

were clear. Third, although the "inadvertent" explanation is disingenuous, it is clear that Plaintiff did not intend to invoke federal jurisdiction and wishes to pursue his FELA claims in state court. See **New Century Health Quality Alliance, Inc. v. Humana Health Plan, Inc.**, 2005 WL 2739272, *3 (W.D. Mo. Oct. 24, 2005) (finding that strategic choice of pursuing claims in state court was sufficient explanation). Fourth, there has been no motion for summary judgment or any other dispositive motion. Clearly, the only prejudice to Defendant by granting Plaintiff's motion will be economical. See **Paulucci**, 826 F.2d at 782 (noting that a voluntary dismissal will generally be granted if the only prejudice to defendant is economical).

As noted above, there has been expense and effort expended by Defendant that would not have been necessary had it not been for Plaintiff's inclusion of his Fourteenth Amendment claims. Consequently, the Court finds that an award of the filing fee costs, $350.00, and an award of a reasonable attorney's fees, $500.00, is merited if Plaintiff refiles his action in state court. See **Core v. Southwestern Bell Tele. Co.**, 847 F.2d 497, 498 (8th Cir. 1988) (approving conditioning of voluntary dismissal on payment of fees and costs if removed case was refiled).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss his case without prejudice is **GRANTED** subject to Plaintiff's payment of the sum of $850.00 to Thompson Coburn LLP if the case is refiled in Missouri state court.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III<br>
THOMAS C. MUMMERT, III<br>
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of October, 2006.